1  BART M. BOTTA, California State Bar No. 167051
2  JUNE MONROE, California State Bar No. 284763
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
4  Newport Beach, CA 92660-2423
   Telephone: (949) 752-2911
5  Facsimile: (949)-752-0953
6  bart@rjlaw.com
   june@rjlaw.com
7
8  Attorneys for Plaintiff

9

10           IN THE UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12               RIVERSIDE DIVISION

13  NORTH COUNTY FRUIT SALES,        CASE NO.  5:16-cv-1948
    INC., a California corporation,
14                                   **COMPLAINT FOR VIOLATIONS**
15           Plaintiffs,             **OF THE PERISHABLE**
                                     **AGRICULTURAL COMMODITIES**
16      v.                           **ACT, 7 U.S.C. §499a, *et seq.***

17  STAY    FRESH   DISTRIBUTORS,
    INC., a corporation; JASON CANALS,   **1. BREACH OF CONTRACT;**
18  an individual; ELITE FARMS, INC., a   **2. BREACH OF CONTRACT;**
    corporation;    JUNGLE    JIM'S   **3. ENFORCEMENT OF**
19  MARKET,   INC.,   a  corporation;        **STATUTORY PACA TRUST**
20  RANCHO SANTO CHRISTO, INC., a           **PROVISIONS;**
    corporation   doing   business   as   **4. VIOLATION OF PACA:**
21  SOUTHCOAST    PRODUCE   CO.;           **FAILURE TO ACCOUNT AND**
22  RIVERA'S BEST PRODUCE, INC., a        **PAY PROMPTLY;**
    corporation;    MID-WEST   FRESH   **5. CONSTRUCTIVE FRAUD;**
23  FOOD, INC., a corporation doing    **6. FRAUDULENT INDUCEMENT;**
    business   as   MID/WEST   FRESH   **7. INTENTIONAL**
24  FOODS;  HOMER HINOJOSA, an              **MISREPRESENTATION;**
25  individual doing business as DOUBLE  **8. NEGLIGENT**
    H PRODUCE,                             **MISREPRESENTATION;**
26                                      **9. BREACH OF FIDUCIARY**
27           Defendants.                    **DUTY;**
28

16-176/COMPLAINT                 1

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

10. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**
11. **VIOLATION OF BUSINESS & PROFESSIONS CODE;**
12. **ACCOUNTING;**
13. **UNJUST ENRICHMENT;**
14. **CONVERSION;**
15. **CONSTRUCTIVE TRUST/DISGORGEMENT;**
16. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**
17. **DECLARATORY RELIEF**

**JURY DEMAND**

Plaintiff NORTH COUNTY FRUIT SALES, INC. (referred to as "NCFS" or "Plaintiff"), complains and alleges as follows:

## I.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499b and §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff NCFS is a corporation organized and existing under the laws of the State of California, having a principal place of business located in the City of Murrieta, State of California.

4.      Plaintiff is informed and believes and thereon alleges that Defendant STAY FRESH DISTRIBUTORS, INC. ("Stay Fresh") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business located in the City of Brooksville, State of Florida.

5.      Plaintiff is informed and believes and thereon alleges that Defendant JASON CANALS ("Canals" or "Individual Defendant") is an individual who during all times material herein was an officer, director, managing member and/or shareholder of Defendant Stay Fresh, and who conducted business and entered into agreements within the jurisdictional boundaries of this Court.

6.      Plaintiff is are informed and believes and thereon alleges that the Individual Defendant is and at all times material herein was an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during all times relevant herein was responsible for the daily management and control of Defendant Stay Fresh.

7.      Plaintiff is further informed and believes and thereon alleges that the Individual Defendant is and during relevant times herein was a statutory trustee under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

8.      Plaintiff is informed and believes and thereon alleges that Defendant ELITE FARMS, INC. ("Elite") is a corporation organized and existing under the laws of the State of New York, having a principal place of business located in the City of Brooklyn, State of New York.

9.      Plaintiff is informed and believes and thereon alleges that Defendant JUNGLE JIM'S MARKET, INC. ("Jungle") is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business located in the City of Fairfield, State of Ohio.

10.      Plaintiff is informed and believes and thereon alleges that Defendant RANCHO SANTO CHRISTO, INC., doing business as SOUTHCOAST PRODUCE CO. ("Southcoast") is a corporation organized and existing under the laws of the State of Texas, having a principal place of business located in the City of Dallas, State of Texas.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

11.     Plaintiff is informed and believes and thereon alleges that Defendant RIVERA'S BEST PRODUCE, INC. ("Rivera") is a corporation organized and existing under the laws of the State of Texas, having a principal place of business located in the City of Houston, State of Texas.

12.     Plaintiff is informed and believes and thereon alleges that Defendant MID-WEST FRESH FOOD, INC., a corporation doing business as MID/WEST FRESH FOODS ("Midwest") is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business located in the City of Columbus, State of Ohio.

13.     Plaintiff is informed and believes and thereon alleges that Defendant HOMER HINOJOSA is an individual that at all relevant times herein was doing business as DOUBLE H PRODUCE ("Double H"), and was organized and existing under the laws of the State of Texas, having a principal place of business located in the City of Houston, State of Texas.

14.     Elite, Jungle, Southcoast, Rivera, Midwest, and Double H are sometimes referred to collectively herein as "Customers."

## II.

## BACKGROUND FACTS

15.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14 inclusive, of this Complaint as though fully set forth herein.

16.     Beginning in July of 2016, Defendants Stay Fresh and Canals located and contacted NCFS, seeking to convince NCFS to use Stay Fresh to act as a broker for some of Stay Fresh's specific customers for the sales of various perishable agricultural commodities in interstate commerce to these Customers.

17.     Consistent with the PACA regulations on brokers, 7 C.F.R. §46.28, *et seq.*, Stay Fresh was to "facilitate good faith negotiations between parties which lead to valid and binding contracts" for the sale of NCFS's produce.

18.     NCFS and Stay Fresh agreed that NCFS would invoice the Customers so that the Customers paid NCFS for the produce, and Stay Fresh was to invoice the Customers for the freight and Stay Fresh's brokerage fees.

19.     Stay Fresh was either erroneously sending invoices to the Defendant Customers for the full amount of the produce sold, or was verbally instructing Customers to pay Stay Fresh for the produce, for which some of the Customers made payments to Stay Fresh.

20.     All Customers have been notified to make no further payments to Stay Fresh as it is a broker only and has been invoicing for produce that it does not own, and has no legal right to sell.

### III.

### FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Stay Fresh)

21.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20 inclusive, of this Complaint as though fully set forth herein.

22.     At all times relevant herein, Plaintiff was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer, and/or broker, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA and was operating under PACA license number 19790555.

23.     Beginning in or about July 2016, Plaintiff sold and shipped perishable agricultural commodities to Customers, using Stay Fresh as a broker.

24.     The agreement between Plaintiff and Stay Fresh was that NCFS was to invoice the Customers so that the Customers would pay NCFS for the produce, and Stay Fresh was to separately invoice the Customers for the freight and Stay Fresh's brokerage fees, which the Customers would pay directly to Stay Fresh.

25.     Unknown to Plaintiff, Stay Fresh was either sending invoices to the Customers for the full amount of the produce sold, or was verbally instructing

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

Customers to pay Stay Fresh for the produce sold, for which some of the Customers made payments to Stay Fresh, and Stay Fresh failed and refused to make said payment to Plaintiff.

26.     All Customers have been notified to make no further payments to Stay Fresh as it is a broker only and has been either invoicing for produce that it does not own, and has no legal right to sell, or was improperly instructing Customers to pay Stay Fresh.

27.     Stay Fresh received erroneous payments in an amount of at least $173,164.00, the exact amount to be determined.

28.     Plaintiff has demanded that Defendant Stay Fresh pay the amounts due and owing to Plaintiff under the invoices and statements, which Stay Fresh fraudulently received from the Customers, totaling the principal amount of at least $173,164.00; however, said Defendant has failed and refused and continues to fail and refuse to pay Plaintiff the amounts due to Plaintiff, and no part of those sums due and owing has been paid.

29.     Plaintiff has performed all conditions, covenants and obligations required to be performed under the agreements for sales of produce as set forth herein.

30.     As a direct and proximate result of the failure of Defendant Stay Fresh to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the combined principal amount of at least $173,164.00, as set forth above, plus finance charges of 1.5% per month and attorney fees.

## IV.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against Defendant Customers)

31.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30 inclusive, of this Complaint as though fully set forth herein.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

32.    At all times relevant herein, Plaintiff was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer, and/or broker, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA and was operating under PACA license number 19790555.

33.    Beginning in or about July 2016, Plaintiff sold and shipped perishable agricultural commodities to Customers, using Stay Fresh as a broker.

34.    The agreement between Plaintiff and Stay Fresh was that NCFS was to invoice the Customers so that the Customers paid NCFS for the produce, and Stay Fresh was to invoice the Customers for the freight and Stay Fresh's brokerage fees.

35.    Unknown to Plaintiff, Stay Fresh was either sending invoices to the Customers for the full amount of the produce sold, or was verbally instructing Customers to pay Stay Fresh for the produce sold, for which some of the Customers made payments to Stay Fresh, and Stay Fresh failed and refused to make said payment to Plaintiff.

36.    All Customers have been notified to make no further payments to Stay Fresh as it is a broker only and has been either invoicing for produce that it does not own, and has no legal right to sell, or was improperly instructing Customers to pay Stay Fresh.

37.    The exact amount of the produce sold by Plaintiff to Customers between on or about July 1, 2016 through August 1, 2016, totals as follows:

(a)    Sales of perishable agricultural commodities made by Plaintiff to Elite in the total principal amount of at least $133,774.00;

(b)    Sales of perishable agricultural commodities made by Plaintiff to Jungle in the total principal amount of at least $3,600.00;

(c)    Sales of perishable agricultural commodities made by Plaintiff to Southcoast in the total principal amount of at least $6,840.00;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

(d)     Sales of perishable agricultural commodities made by Plaintiff to Rivera in the total principal amount of at least $13,110.00;

(e)     Sales of perishable agricultural commodities made by Plaintiff to Midwest in the total principal amount of at least $2,160.00; and

(f)     Sales of perishable agricultural commodities made by Plaintiff to Double H in the total principal amount of at least $13,680.00.

38.     At or about the date of each transactions described in paragraph 37 above, Plaintiff forwarded to Defendant Customers invoices and statements for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities.

39.     Each invoice sent to Defendant Customers detailed the produce shipped, the selling party, and the amount due.

40.     Plaintiff has demanded that Defendant Customers pay the amounts due and owing under the invoices and statements, totaling the principal amounts of at least $133,774.00 in the case of Elite, $3,600.00 in the case of Jungle, $6,840.00 in the case of Southcoast, $13,110.00 in the case of Rivera, $2,160.00 in the case of Midwest, and $13,680.00 in the case of Double H, for a total combined principal balance due to Plaintiff from Customers of $173,164.00, as set forth above, from Defendant Customers.

41.     Defendant Customers have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by said Defendants, and no part of those sums due and owing has been paid.

42.     Plaintiff has performed all conditions, covenants and obligations required to be performed under the agreements for sales of produce as set forth herein.

43.     As a direct and proximate result of the failure of Defendant Customers to remit payment due to Plaintiff as described above, Plaintiff has suffered losses

in the combined principal amount of at least $173,164.00, as set forth above, plus finance charges of 1.5% per month and attorney fees incurred pursuant to the written invoices.

# V.

# THIRD CAUSE OF ACTION

## (Enforcement of Statutory Trust Provisions of PACA Against Defendant Customers)

44.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 43, inclusive of this Complaint as though fully set forth herein.

45.    Plaintiff, at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and was licensed as such under the PACA, maintaining PACA license number 19790555.

46.    The perishable agricultural commodities that were sold and shipped to Defendant Customers were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

47.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant Customers, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant Customers' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

48.    Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve Plaintiff's trust benefits in the total cumulative principal amount of at least $133,774.00 in the case of Elite, at least $3,600.00 in the case of Jungle, at least $6,840.00 in the case of

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

Southcoast, at least $13,110.00 in the case of Rivera, at least $2,160.00 in the case of Midwest, and at least $13,680.00 in the case of Double H, for a total combined principal balance due to Plaintiff from Customers of at least $173,164.00, as set forth above, all of which remains past due and unpaid.

49.   Plaintiff is informed and believes for the reasons alleged above, that Defendant Customers are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendant Customers have failed to maintain the trust assets and keep them available to satisfy said Defendants' obligations to Plaintiff in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46.  Defendant Customers have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

50.   Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendant Customers transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of produce purchased from Plaintiff to their own use and/or to other unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

of such commodities or products that have been transferred to secured or unsecured creditors.

51.   As a direct and proximate result of the failure of Defendant Customers to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative principal amount of at least $133,774.00 in the case of Elite, at least $3,600.00 in the case of Jungle, at least $6,840.00 in the case of Southcoast, at least $13,110.00 in the case of Rivera, at least $2,160.00 in the case of Midwest, and at least $13,680.00 in the case of Double H, for a total combined principal balance due to Plaintiff from Customers of at least $173,164.00, as set forth above, all of which remains past due and unpaid, plus finance charges of 1.5% per month and attorney fees incurred.

## VI.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)

52.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 51 inclusive, of this complaint as though fully set forth herein.

53.   Plaintiff has repeatedly demanded that all Defendants pay the amounts due stated above, for produce sold and delivered to Defendant Customers as described above.   Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.   Therefore, said Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all regulations issued by the Secretary of Agriculture.

54.   As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the combined

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

losses of the cumulative principal amount of at least $133,774.00 in the case of Elite, at least $3,600.00 in the case of Jungle, at least $6,840.00 in the case of Southcoast, at least $13,110.00 in the case of Rivera, at least $2,160.00 in the case of Midwest, and at least $13,680.00 in the case of Double H, for a total combined principal balance due to Plaintiff from Customers of at least $173,164.00, as set forth above, all of which remains past due and unpaid, plus finance charges of 1.5% per month and attorney fees incurred, all of which has been wrongfully withheld or wrongfully diverted by Defendant Customers, plus finance charges of 1.5% per month and attorney fees incurred pursuant to the written agreement between the parties.  Additionally, Defendants Stay Fresh and Canals have failed to pay the monies owed to Plaintiff in the principal combined sum of $173,164.00, all of which remains due and owing.

## VII.

## FIFTH CAUSE OF ACTION

### (For Constructive Fraud Against Defendant Stay Fresh and Canals)

55.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 54 inclusive, of this Complaint as though fully set forth herein.

56.     By virtue of the PACA, and by the agreements alleged herein, the relationship between Plaintiff and Defendants Stay Fresh and The Individual Defendant was fiduciary in nature.  These Defendants thereby owed Plaintiff a fiduciary duty to deal with Plaintiff in good faith.  By virtue of Plaintiff having placed confidence in said Defendants' integrity by entrusting them with the sales of perishable agricultural commodities as alleged above, and the products and proceeds therefrom, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendants Stay Fresh and Canals.

57.     Plaintiff is informed and believes and thereon alleges that Defendants Stay Fresh and Canals breached their fiduciary duty to Plaintiff and violated the relationship of trust and confidence by failing to pay Plaintiff, and by diverting

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

trust funds and assets for said Defendants' own use or for use by their creditors, and by securing an advantage over Plaintiff by misleading and deceiving Plaintiff to its detriment and prejudice.

58.     Plaintiff is informed and believes and upon that basis alleges that Plaintiff placed confidence in and relied on Defendants Stay Fresh and Canals until beginning in or about August 2016 when, through communications with said Defendants, as well as Defendant Customers, and their agents or representatives, Plaintiff discovered the true facts concerning the failure of Defendants Stay Fresh and Canals to preserve the assets and/or said Defendants' diversion of such assets for their own personal use.   Until such time, Plaintiff reasonably relied on Defendants in view of their contractual and fiduciary relationship.

59.     As a proximate result of the fraud by Defendants Stay Fresh and Canals and the facts herein alleged, Plaintiff was induced to, and did, sell on credit perishable agricultural commodities for the combined principal amount of at least $173,164.00 to Defendant Customers, for which Defendants Stay Fresh and Canals falsified sales documents and diverted payments resulting in all of which sales amounts remaining unpaid and by reason of which, Plaintiff has been damaged in the above principal amount, plus finance charges of 1.5% per month and attorney fees incurred.

## VIII.

## SIXTH CAUSE OF ACTION

## (Fraudulent Inducement Against Defendant Stay Fresh and Canals)

60.     Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 59 inclusive, of this Complaint as though fully set forth herein.

61.     Defendants Stay Fresh and Canals, in a series of discussions and meetings to negotiate arrangements for a brokering arrangement, did, on information and belief, directly and indirectly, and knowingly make several material false representations, concealments and nondisclosures, which shall be

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

described with more specificity below, with the intent to induce and defraud Plaintiff, all of which were calculated to, and did in fact, induce Plaintiff to enter into an agreement to use Defendants Stay Fresh and Canals as brokers for produce sales to several of Stay Fresh's customers, which said Defendants thereafter breached in order to divert sales proceeds and falsify sales documents.

62.     More specifically, in or about June or July of 2016, during telephone conversations between Mike Ramos, a representative of NCFS and Defendant Canals, Defendant Canals made several false representations to Mr. Ramos, including, without limitation, the following

a.     That Defendants Stay Fresh and Canals could and would act as broker for sales of perishable agricultural commodities by Plaintiff to various buying parties;

b.     That Defendants Stay Fresh and Canals could and would promptly and competently generate the documentation required of a broker when assisting in the sales of perishable agricultural commodities, and would do so promptly and competently, in accordance with the PACA and the regulations promulgated under the PACA;

c.     That Defendants Stay Fresh and Canals could and would promptly and competently invoice only for the freight and brokerage fee, and would do so promptly and competently, in accordance with the PACA and the regulations promulgated under the PACA;

d.     That Plaintiff would invoice the Defendant Customers directly for the purchase price of the perishable agricultural commodities, which said Defendant Customers would thereafter pay directly to Plaintiff;

e.     That Defendants Stay Fresh and Canals could and would assume all duties and responsibilities called for under the PACA and its regulations for an entity acting as a broker, and would promptly and diligently do so;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

f.      That Defendants Stay Fresh and Canals could and would assume all responsibility for providing the required documentation under the PACA and its regulations to Defendant Customers for the sales at issue in this complaint;

g.      That Defendants Stay Fresh and Canals had vast experience and expertise acting in the capacity of broker of perishable agricultural commodities, such that said Defendants was competent to properly document and handle the broker duties called for in the agreement between said Defendants and Plaintiff; and

h.      If any customers were to inadvertently make payments to Stay Fresh for the produce sold by Plaintiff, that Stay Fresh would direct and pay this money to the rightful party, namely Plaintiff.

63.     On information and belief, Plaintiff asserts that Defendant Canals, as an agent of Stay Fresh, had authority to make the above-described representations and intentionally made the above-described representations, statements and assurances to Plaintiff knowing them to be false, knowing that Defendants Stay Fresh and Canals had no intention, and/or ability or capability to fulfill the promises, assurances and representations made, and knowing that Plaintiff NCFS would rely upon such promises, assurances, representations and concealments in electing to enter into and to continue in its contractual relationships with Defendants Stay Fresh and Canals.  Moreover, to the extent Plaintiff later sought accounting detail and documents from Defendants Stay Fresh and Canals which was different than what it represented it would be before the agreement was entered into, said Defendants had a duty to disclose such facts, which were material facts, to Plaintiff before Plaintiff entered into its agreement with Defendants.

64.     Plaintiff is further informed and believes, and on that basis alleges, that Defendants Stay Fresh and Canals knew the misleading nature of their

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

representations and material omissions, and that through these misrepresentations and omissions said Defendants intended to defraud and deceive Plaintiff and to induce Plaintiff to act in the manner herein alleged.

65.    At the time Defendants Stay Fresh and Canals made the above-described promises, assurances and representations and concealed material facts, and at the time Plaintiff NCFS entered into the aforementioned agreements with Defendants Stay Fresh and Canals and entered into the sales to Defendant Customers, Plaintiff was ignorant of said Defendants' secret intentions to fail and refuse to perform as promised, and/or as is required under the PACA and its regulations, and as otherwise alleged above, and Plaintiff could not, in the exercise of reasonable diligence, have discovered said Defendants' secret intentions or the falsity of said Defendants' promises, assurances, and representations.

66.    Plaintiff justifiably believed said Defendants' promises, assurances and representations, as well as the non-existence of facts kept hidden and concealed from Plaintiff prior to the time it entered into the agreement with Defendants Stay Fresh and Canals, and prior to the time it entered into sales to Defendant Customers.  As a result, Plaintiff entered into said agreement with Defendants Stay Fresh and Canals and entered into sales to Defendant Customers. Had Plaintiff known of said Defendants' true intentions, capabilities, and the true facts as alleged herein, NCFS would not have entered into any contractual relationship with Defendants Stay Fresh and Canals whatsoever.

67.    In reliance on the promises, representations and assurances and concealments of and by Defendants Stay Fresh and Canals, NCFS was induced to and did in fact enter into and agreement with Defendants Stay Fresh and Canals whereby said Defendants would act as brokers for produce sales, as well as taking several other actions, such as using said Defendants as brokers for sales to Defendant Customers, all to Plaintiff's detriment and prejudice, which Plaintiff would not otherwise have taken.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

68.     As a proximate result of the fraudulent representations, nondisclosures and other conduct as alleged herein by Defendants Stay Fresh and Canals, Plaintiff NCFS was induced to enter into the agreement with Defendants Stay Fresh and Canals and to take the other actions as alleged above in reasonable reliance upon said Defendants' fraud and deceit.  Plaintiff has been damaged by said Defendants' fraudulent conduct in the amount of at least $173,164.00, plus additional consequential and incidental damages and lost profits in the amount of at least $200,000.00, the exact amount of which will be proven at trial.

69.     Plaintiff further asserts, based on information and belief, that in performing the acts incorporated by reference and as herein alleged, Defendants Stay Fresh and Canals acted maliciously, fraudulently, intentionally, despicably, and in willful, conscious or reckless disregard of NCFS's rights pursuant to its agreements, to common law rules of agency and fiduciary obligations, and under relevant provisions of the PACA and the California Food and Agricultural Code. Further, said Defendants' conduct and statements were motivated by oppression, fraud, malice and an intent to unjustly deprive NCFS of the revenues, profits, and other assets to which it was rightfully entitled. Said Defendants' wrongful conduct was plainly undertaken for the financial gain and benefit of Defendants Stay Fresh and Canals, to the financial detriment and prejudice of NCFS.   Accordingly, Plaintiff NCFS is entitled to an award of exemplary and punitive damages against Defendants Stay Fresh and Canals in order to deter similar reprehensible conduct in the future, in an amount to be determined at trial.

## IX.

## SEVENTH CAUSE OF ACTION

**(Intentional Misrepresentation Against Defendants Stay Fresh and Canals)**

70.     Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 69 inclusive, of this Complaint as though fully set forth herein.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

71.     When Defendants Stay Fresh and Canals made the material false representations and material concealments as alleged and incorporated herein, Plaintiff submits, on information and belief, that they knew that their promises, assurances, representations and concealments were false and misleading, and that Defendants Stay Fresh and Canals had no intention of or were unable to fulfill the promises, assurances and representations made to the principals and representatives of NCFS.  Plaintiff further alleges, based upon its information and belief, that such promises, assurances, representations and concealments of fact were made or kept hidden from Plaintiff with an intent to defraud and deceive Plaintiff and to fraudulently induce Plaintiff to enter into the agreement with Defendants Stay Fresh and Canals, to refrain from terminating such agreement, and to take such other actions as have hereinabove been described.

72.     At the time Defendants Stay Fresh and Canals made the above-described promises, assurances and representations and concealed material facts, and at the time NCFS entered into and decided not to terminate the aforementioned agreement with Defendants Stay Fresh and Canals, Plaintiff was ignorant of said Defendants' secret intentions to fail and refuse to perform as promised, and had no reason to know that the above alleged allegations were false.  Plaintiff justifiably relied on said Defendants' promises, assurances, representations, and concealments, even though false, and was induced and did in fact opt to enter into, and to continue abiding by the agreement with Defendants Stay Fresh and Canals by which they acted as brokers for sales of perishable agricultural commodities to Defendant Customers.

73.     As a proximate result of the wrongful conduct of Defendants Stay Fresh and Canals, NCFS has sustained damages in the amount at least as great as $173,164.00, and NCFS continues to sustain additional damages, and NCFS has suffered additional consequential and incidental damages, in an amount of at least $200,000.00, the exact amount of which will be proven at trial.

74.     Further, on information and belief, Defendants Stay Fresh and Canals, in doing the acts alleged herein, acted maliciously, fraudulently, oppressively, despicably, and intentionally or with reckless disregard of Plaintiff's rights, and Plaintiff is therefore also entitled to exemplary and punitive damages in amounts to be established at trial.

## X.

## EIGHTH CAUSE OF ACTION

## (Negligent Misrepresentation Against Defendants Stay Fresh and Canals)

75.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 74 inclusive, of this Complaint as though fully set forth herein.

76.     When Defendants Stay Fresh and Canals made the material false representations as alleged herein, they had no reasonable ground to believe that the representations were true, and Defendants Stay Fresh and Canals, and each of them, made the representations with the intent to induce Plaintiff to take the actions herein alleged.

77.     NCFS justifiably relied on the false representations made by Defendants Stay Fresh and Canals when it entered into the agreements with said Defendants, and when it declined to terminate said agreements in light of the nonperformance, misrepresentation, and fraud by Defendants Stay Fresh and Canals.

78.     As a result of the wrongful conduct of Defendants Stay Fresh and Canals, Plaintiff has sustained damages in the amount at least as great as $173,164.00, plus additional consequential and incidental damages in the amount of at least $200,000.00, the exact amount of which will be proven at trial.

/ / / /

/ / / /

/ / / /

/ / / /

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

# XI.

## NINTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Against Defendants Stay Fresh and Canals)

79.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 78 inclusive, of this Complaint as though fully set forth herein.

80.     Plaintiff is informed, believes and thereon alleges that at all times relevant to this action, the Individual Defendant was the controlling officer, director, member, and/or shareholder of Defendant Stay Fresh.

81.     As the controlling officer, director, member, and/or shareholder of Defendant Stay Fresh, Defendant Canals had a duty to ensure that Defendants Stay Fresh and Canals fulfilled their duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due

82.     Plaintiff is informed, believes and thereon alleges that Defendant Canals had full knowledge and responsibility for the handling of Defendant Stay Fresh's duties as trustee of the PACA trust and duties to abide by the PACA and its regulations regarding duties of a broker.

83.     Plaintiff is informed, believes and thereon alleges that Defendant Canals controlled or had a duty to control Defendant Stay Fresh's operations and financial dealings, to abide by the PACA and its regulations, including all natters involving PACA trust assets.

84.     Plaintiff is informed, believes and thereon alleges that Defendant Stay Fresh breached its fiduciary duty to abide by the PACA and its regulations regarding the duties and obligations of brokers, and to maintain sufficient PACA trust assets to pay all PACA trust claims as they became due.

85.     As a direct and proximate cause and result of Defendants Stay Fresh and Canals' breach of fiduciary duty, Plaintiff has incurred damages in the

cumulative amount of at least $173,164.00 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

86.    As a statutory PACA trustee, Defendant Canals is personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $173,164.00, less any monies Plaintiff receives from the PACA Trust Assets.

87.    Defendants Stay Fresh and Canals have converted, or are now in the process of converting, to their own use and benefit, the goods delivered by Plaintiff, and/or the proceeds therefrom, valued in the principal amount of at least $173,164.00.

88.    Said Defendants have converted or are now in the process of converting, to their own use and benefit PACA trust assets rightfully belonging to Plaintiff, including but not limited to accounts receivables fraudulently received by Defendants Stay Fresh and Canals, from Plaintiff's sales of perishable agricultural commodities and the proceeds of sale therefrom, valued in amounts up to at least the combined principal amount of $173,164.00.

89.    If Defendants Stay Fresh and Canals are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff.

90.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, NCFS has been damaged and Defendants Stay Fresh and Canals have been unjustly enriched in the principal amount of at least $173,164.00, plus finance charges of 1.5% per month and attorney fees incurred.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

## XII.

## TENTH CAUSE OF ACTION

## (Breach of Covenant of Good Faith and Fair Dealing Against Defendants Stay Fresh and Canals)

91.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 90 inclusive, of this Complaint as though fully set forth herein.

92.    Plaintiff and Defendants Stay Fresh and Canals had a contractual relationship.  Under the laws of the State of California, a covenant of good faith and fair dealing is implicit in every contract, and California Commercial Code section 1203 explicitly imposes such an obligation.  Therefore, a duty existed requiring Defendants Stay Fresh and Canals to act with fairness and good faith towards NCFS, and included a duty on the part of both parties to not take any action to prevent the other from obtaining the benefits of the agreement.  These covenants further required Defendants Stay Fresh and Canals to refrain from inflicting needless injury and damage upon NCFS.

93.    The covenant further required Defendants Stay Fresh and Canals to conform to all provisions of the PACA and its regulations and all of the laws of the State of California, and to refrain from violating any laws which detrimentally affect NCFS.  Contrary to these duties and obligations, Defendants Stay Fresh and Canals failed to honor the agreement with Plaintiff and, in fact, wrongfully, intentionally, and without cause acted in violation of the explicit terms of the agreement as well as in violation of the PACA and its regulations, all in pursuit of self-interested financial gain, which prohibited NCFS from realizing any gain from its sales of perishable agricultural commodities.  Defendants Stay Fresh and Canals were required to fully comply with the agreement with Plaintiff, as well as the PACA and its regulations, and to act in a fair and equitable manner towards Plaintiff.  Instead, Defendants Stay Fresh and Canals falsely led NCFS to believe that it was acting as a broker, and that customers would pay NCFS for the produce

and would pay Stay Fresh for freight and brokerage fee only, when in fact Defendants Stay Fresh and Canals were either secretly falsifying sales documents or were fraudulently instructing Customers to pay Stay Fresh, and were misappropriating the sales proceeds from Plaintiff's sale of produce, all in violation of the agreement between the parties, as well as the PACA and its regulations.   The acts of Defendants Stay Fresh and Canals alleged in this complaint constitutes a breach of the covenant of good faith and fair dealing.

94.   NCFS has performed each and every condition and covenant required on its part to be performed pursuant to the agreement with Defendants Stay Fresh and Canals.

95.   Defendants Stay Fresh and Canals wrongfully breached the agreement with NCFS, willfully and maliciously, with the intent to deprive NCFS of the benefit of the bargain.

96.   By fraudulently leading NCFS to believe that Defendants Stay Fresh and Canals were abiding by the agreement to act as a broker, and were abiding by the PACA and its regulations, Defendants Stay Fresh and Canals acted in a manner that was wrongful and malicious and done with the intent to damage and harm NCFS.

97.   The sudden and unjust breach of the agreement with Plaintiff by Defendants Stay Fresh and Canals was caused by improper motives which were due to Defendants Stay Fresh and Canals' wrongful and malicious conduct, which was for the purpose of depriving Plaintiff of its ability to collect the substantial sums owed to it by Defendants Stay Fresh and Canals, Defendant Customers, and other receivers of produce sold by Plaintiff.

98.   As a direct and proximate result of Defendants Stay Fresh and Canals' breach of the implied covenant of good faith and fair dealing, NCFS has suffered substantial damages damaged in an amount at least as great as $173,164.00, the exact amount of which will be proven at trial.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

# XIII.

## ELEVENTH CAUSE OF ACTION

### (Violation of Business & Professions Code By Defendants
### Stay Fresh and Canals)

99.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 98 inclusive, of this complaint as though fully set forth herein.

100.    The wrongful conduct, false representations, concealments and nondisclosure of Defendants Stay Fresh and Canals as detailed above, including false representations made by Defendant Canals to induce NCFS to enter into an agreement to use Defendants Stay Fresh and Canals as brokers for Plaintiff's produce sales, constitute unlawful, unfair, and/or fraudulent business practices within the meaning of California Business and Professions Section 17200, *et seq.*

101.    Plaintiff, pursuant to California Bus. & Professions Code Section 17203, seeks restitution and disgorgement of monies realized by Defendants Stay Fresh and Canals as a result of their unlawful, unfair and/or fraudulent business practices, the exact amount of which will be proven at trial.

102.    Defendants Stay Fresh and Canals have converted, or are now in the process of converting, to their own use and benefit, the goods delivered by Plaintiff to Customer Defendants, and/or the proceeds therefrom, valued in the principal amount of at least $173,164.00.

103.    Defendants Stay Fresh and Canals have converted or are now in the process of converting, to their own use and benefit PACA trust assets rightfully belonging to Plaintiff, including but not limited to accounts receivables from Plaintiff's sales of perishable agricultural commodities and the proceeds of sale therefrom, valued in amounts up to at least the combined principal amount of $173,164.00.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

104.  If Defendants Stay Fresh and Canals are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

105.   As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants Stay Fresh and Canals have been unjustly enriched in the principal amount of at least $173,164.00, plus finance charges of 1.5% per month and attorney fees incurred.

## XIV.

## TWELFTH CAUSE OF ACTION

### (Accounting Against Defendants Stay Fresh and Canals)

106.  Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 105 inclusive, of this complaint as though fully set forth herein.

107.  As stated above, NCFS agreed to use the brokerage services of Defendants Stay Fresh and Canals in order to sell NCFS's produce in interstate commerce to Stay Fresh's existing customers, for which Defendants Stay Fresh and Canals would invoice customers for brokerage and freight services, and Plaintiff would invoice customers for the produce sold.

108.  Only by an accounting and audit of the business records of Defendants Stay Fresh and Canals, will Plaintiff be about to determine the total loss incurred by NCFS and the total amount fraudulently received by Defendants Stay Fresh and Canals.

## XV.

## THIRTEENTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

109.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 108 inclusive, of this complaint as though fully set forth herein.

110.   Defendants Stay Fresh and Canals have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to the

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

Defendant Customers by Plaintiff, and/or the proceeds therefrom, valued in the principal amount of at least $173,164.00. Furthermore, Defendant Customers have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to them by Plaintiff, and/or the proceeds therefrom, valued in the principal amount of at least $173,164.00.

111. Defendants have converted or is now in the process of converting, to their own use and benefit PACA trust assets rightfully belonging to Plaintiff, including but not limited to accounts receivables from Plaintiff's sale of perishable agricultural commodities and the proceeds of sale therefrom, valued in amounts up to at least the combined principal amount of $173,164.00.

112. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff.

113. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and said Defendants have been unjustly enriched in the combined principal amount of at least $173,164.00, plus finance charges of 1.5% per month and attorney fees incurred.

## XVI.

## FOURTEENTH CAUSE OF ACTION

## (For Conversion Against All Defendants)

114. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 113 inclusive, of this complaint as though fully set forth herein.

115. At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative combined principal amount of at least $173,164.00 as set forth above, plus finance charges of 1.5% per month and attorney fees incurred.

116. Beginning in August 2016 and continuing through the present time, Plaintiff demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

such sums of money to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have diverted payments of accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to Defendant and to other unknown third parties.

## XVII.

## FIFTEENTH CAUSE OF ACTION

### (For Constructive Trust/Disgorgement Against Defendants

### Stay Fresh and Canals)

117.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 116 inclusive, of this complaint as though fully set forth herein.

118.   Plaintiff is informed and believes and thereon alleges that Defendants Stay Fresh and Canals induced Plaintiff to sell perishable agricultural commodities to Defendant Customers through fraud as alleged in detail hereinabove.

119.   Plaintiff is informed and believes and thereon alleges that Defendants Stay Fresh and Canals took such action and made such promises with the intent to defraud Plaintiff and to induce Plaintiff to sell and deliver perishable agricultural commodities to Defendant Customers and thereby acquire and keep such property and the sales proceeds thereof for their own use.

120.   Plaintiffs are informed and believe and thereon allege that at the time of such acts and promises by Defendants Stay Fresh and Canals as alleged herein, Plaintiff was unaware of said Defendants' secret intentions and therefore acted reasonably in relying on said Defendants' acts and promises and that if Plaintiff had known of said Defendants' secret intention not to perform, Plaintiff would not have acted in reliance upon the promises of Defendants Stay Fresh and Canals.

121.   Plaintiff is further informed and believes and thereon alleges that Defendants Stay Fresh and Canals are in possession of PACA trust assets rightfully belonging to Plaintiff and in which Plaintiff has a beneficial interest consisting of cash on deposit, inventory of perishable agricultural commodities, accounts

receivable and the proceeds of sale therefrom, and other property impressed with the PACA trust lien.

122.   Plaintiff has demanded the immediate turnover of all such PACA trust assets in the possession of Defendants Stay Fresh and Canals, however, said Defendants have failed and refused and continues to fail and refuse to turnover said PACA trust assets.

123.   By virtue of Plaintiff's status as a PACA trust beneficiary and by virtue of said Defendants' possession of the PACA Trust assets described herein, said Defendants hold such assets in trust as constructive trustees for Plaintiff's benefit.

124.   Plaintiff does not know the specific value of the PACA trust assets held by said Defendants and a full accounting is necessary to determine the scope, extent and value of PACA trust assets being held by Defendants, and each of them.

125.   Plaintiff is informed and thereon alleges that by virtue of the fraudulent acts of Defendants Stay Fresh and Canals, Defendants hold monies, inventory, accounts receivable and other PACA trust assets belonging to Plaintiff in the combined principal amount of at least $173,164.00 as set forth above, the value of said perishable agricultural commodities, plus finance charges at the rate of 1.5% per month and attorney fees incurred, as constructive trustees for the benefit of Plaintiff.

## XVIII.
## SIXTEENTH CAUSE OF ACTION
### (Intentional Interference with Contractual Relations Against Defendants Stay Fresh and Canals)

126.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 125 inclusive, of this complaint as though fully set forth herein.

127.   Defendants Stay Fresh and Canals knew that the sales Plaintiff NCFS was making to Defendant Customers were such that Stay Fresh was acting only as

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

a broker, and was to receive only freight and brokerage fees. As such, Defendants Stay Fresh and Canals had inside information about the sales transactions and agreements. Yet, Defendants Stay Fresh and Canals participated in the scheme or conspiracy to falsify sales documents so that Stay Fresh appeared to be the seller of the produce, and not the broker.

128. Said Defendants' conduct as alleged above, constituted an unfair trade practice in violation of Business and Professions Code section 17200.

129. Defendant Customers breached the agreement with Plaintiff NCFS by failing to pay for the produce sold by NCFS, as alleged above, with the knowledge of and as a result of the conduct of Defendants Stay Fresh and Canals.

130. As a proximate result of Defendants Stay Fresh and Canals' intentional interference with the contracts between Plaintiff and Defendant Customers, Plaintiff has suffered damages in of all or a portion of the approximate balance owed for the produce Plaintiff sold in the principal amount of at least $173,164.00, plus losses and damages in amounts that cannot be determined until after a full accounting of Defendants Stay Fresh and Canals' books and records, all of which shall be established at time of trial.

131. The aforementioned acts of Stay Fresh and Canals, were willful and oppressive, fraudulent, and/or malicious. Plaintiff is, therefore, entitled to punitive damages.

## XIX.

## SEVENTEENTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

132. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 131 inclusive, of this complaint as though fully set forth herein.

133. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA, the PACA regulations, and the PACA trust provisions requires the Defendants to preserve and

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

immediately surrender to Plaintiff the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the PACA, its regulations, and its statutory trust provisions.

134. Plaintiff seeks an Order of this Court declaring that its claims (including PACA trust claims) are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which any of the Defendants, or any other third party, might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to Plaintiff.

135. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the funds owed to Plaintiff (including trust funds) never became property of Defendants, or Defendants' customers, or the estates of Defendants or Defendants' customers under 11 U.S.C. §541; (2) that Plaintiff's claims (including trust claims) under the PACA are superior to and take priority over Defendants' and Defendants' customers' secured and unsecured claims, if any, to Defendants' and Defendants' customers' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the funds necessary to pay Plaintiff are property of Defendants or Defendants' customers, or their estates, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

**FIRST CAUSE OF ACTION**

**(For Breach Of Contract)**

1.     For damages in the principal amount of at least $173,164.00;

2.     For finance charges at the rate of 1.5% per month from the date the obligations became due and payable to Plaintiff;

3.     For reasonable attorney's fees and costs of suit incurred herein; and,

4.     For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**(For Breach Of Contract)**

1.     For damages in the principal amount of at least $133,774.00 in the case of Elite; at least $3,600.00 in the case of Jungle; at least $6,840.00 in the case of Southcoast; at least $13,110.00 in the case of Rivera; at least $2,160.00 in the case of Midwest; and at least $13,680.00 in the case of Double H;

2.     For finance charges at the rate of 1.5% per month from the date the obligations became due and payable to Plaintiff;

3.     For reasonable attorney's fees and costs of suit incurred herein; and,

4.     For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(For Enforcement of Statutory Trust Provisions of PACA)**

1.     For damages in the principal amount of at least $133,774.00 in the case of Elite; at least $3,600.00 in the case of Jungle; at least $6,840.00 in the case of Southcoast; at least $13,110.00 in the case of Rivera; at least $2,160.00 in the case of Midwest; and at least $13,680.00 in the case of Double H;

2.     For finance charges at the rate of 1.5% per month calculated from each obligation became due and payable to Plaintiff until fully paid;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1.    For damages in the principal amount of at least $133,774.00 in the case of Elite; at least $3,600.00 in the case of Jungle; at least $6,840.00 in the case of Southcoast; at least $13,110.00 in the case of Rivera; at least $2,160.00 in the case of Midwest; and at least $13,680.00 in the case of Double H;

2.    For an order requiring all Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined principal amount of at least $173,164.00;

3.    For finance charges at the rate of 1.5% per month from the date the obligation became due and payable to Plaintiff until fully paid; and,

4.    For attorney's fees as deemed reasonable by this Court.

## FIFTH CAUSE OF ACTION

### (For Constructive Fraud)

1.    For actual damages in the combined principal amount of at least $173,164.00;

2.    For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

3.    For attorney's fees and costs of suit incurred; and,

4.    For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Fraudulent Inducement)

1.    For damages in the combined principal amount of at least $173,164.00;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

2.     For punitive damages to be proved at trial;

3.     For additional consequential, incidental, and lost profit damages in the amount of at least $200,000.00, the exact amount of which to be proven at trial;

4.     For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

5.     For attorney's fees and costs of suit incurred; and,

6.     For such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (For Intentional Misrepresentation)

1.     For damages in the combined principal amount of at least $173,164.00;

2.     For punitive damages to be proved at trial;

3.     For additional consequential, incidental, and lost profit damages in the amount of at least $200,000.00, the exact amount of which to be proven at trial;

4.     For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

5.     For attorney's fees and costs of suit incurred; and,

6.     For such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
### (For Negligent Misrepresentation)

1.     For damages in the combined principal amount of at least $173,164.00;

2.     For punitive damages to be proved at trial;

3.     For additional consequential, incidental, and lost profit damages in the amount of at least $200,000.00, the exact amount of which to be proven at trial;

4.     For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

5.     For attorney's fees and costs of suit incurred; and,

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

6.   For such other and further relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1.   For damages in the combined principal amount of at least $173,164.00;

2.   For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

3.   For attorney's fees and costs of suit incurred; and,

4.   For such other and further relief as this Court deems just and proper.

## TENTH CAUSE OF ACTION

### (For Breach of Covenant of Good Faith and Fair Dealing)

1.   For damages in the combined principal amount of at least $173,164.00;

2.   For punitive damages to be proved at trial;

3.   For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

4.   For attorney's fees and costs of suit incurred; and,

5.   For such other and further relief as this Court deems just and proper.

## ELEVENTH CAUSE OF ACTION

### (Violation of Business & Professions Code)

1.   For damages in the combined principal amount of at least $173,164.00;

2.   For punitive damages to be proved at trial;

3.   For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

4.   For attorney's fees and costs of suit incurred; and,

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

5.      For such other and further relief as this Court deems just and proper.

## TWELFTH CAUSE OF ACTION

### (For Accounting)

1.      For an accounting for all amounts owed to Plaintiff;

2.      For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

3.      For attorney's fees and costs of suit incurred; and,

4.      For such other and further relief as this Court deems just and proper.

## THIRTEENTH CAUSE OF ACTION

### (For Unjust Enrichment)

1.      For damages in the combined principal amount of at least $173,164.00;

2.      For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

3.      For attorney's fees and costs of suit incurred; and,

4.      For such other and further relief as this Court deems just and proper.

## FOURTEENTH CAUSE OF ACTION

### (For Conversion)

1.      For value of the monies converted in the combined principal amount of at least $173,164.00;

2.      For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

4.      For attorney's fees and costs of suit incurred; and,

5.      For such other and further relief as the Court deems just and proper.

## FIFTEENTH CAUSE OF ACTION

### (For Constructive Trust)

1.      For a declaration that Defendants hold the combined principal amount of at least $173,164.00 in trust for the benefit of Plaintiff;

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

2.    For an order compelling Defendants to transfer legal title and possession of all PACA trust assets in Defendants' possession, including cash, funds on deposit in banking accounts, inventory, accounts receivable and proceeds of sale therefrom to Plaintiff.

3.    For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

4.    For reasonable attorney's fees and costs of suit incurred herein; and,

5.    For such other and further relief as the Court may deem just and proper.

## SIXTEENTH CAUSE OF ACTION

### (For Intentional Interference with Contractual Relations)

1.    For damages in the combined principal amount of at least $173,164.00;

2.    For punitive damages to be proved at trial;

3.    For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

4.    For attorney's fees and costs of suit incurred; and,

5.    For such other and further relief as this Court deems just and proper.

## SEVENTEENTH CAUSE OF ACTION

### (For Declaratory Relief)

1.    For a declaratory judgment establishing that:

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Plaintiff's trust claims under the PACA are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

(c)      Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.      For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the combined principal amount of at least $173,164.00;

2.      For finance charges at the rate of 1.5% per month calculated from the date the obligation became due and payable to Plaintiff until fully paid;

3.      For attorneys' fees and costs of suit incurred; and,

4.      For such other and further relief as this Court deems proper.


DATED:  September 12, 2016                    RYNN & JANOWSKY, LLP


                                        By:   /s/ Bart M. Botta
                                              BART M. BOTTA, Attorneys for
                                              Plaintiff NORTH COUNTY FRUIT
                                              SALES, INC.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1

## **JURY DEMAND**

Plaintiff hereby demands a jury trial in this matter.

DATED: September 12, 2016                    RYNN & JANOWSKY, LLP


By:   /s/ Bart M. Botta
      BART M. BOTTA, Attorneys for
      Plaintiff NORTH COUNTY FRUIT
      SALES, INC.

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953