ETHAN D. KIRSCHNER (State Bar No. 235556)
ethan@kirschner-law.com
KIRSCHNER & ASSOCIATES
4015 Sutro Avenue
Los Angeles, CA 90008
Phone: (213) 935-0250
Fax: (213) 986-3106

*Attorneys for Defendants*
STAY FRESH DISTRIBUTORS, INC. and
JASON CANALS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

NORTH COUNTRY FRUIT SALES, INC., a California corporation,

Plaintiff,

v.

STAY FRESH DISTRIBUTORS, INC., a corporation; JASON CANALS, an individual; ELITE FARMS, INC., a corporation; JUNGLE JIM'S MARKET, INC., a corporation; RANCHO SANTO CHRISTO, INC., a corporation doing business as SOUTHCOAST PRODUCE CO.; RIVERA'S BEST PRODUCE, INC., a corporation; MID-WEST FRESH FOOD, INC., a corporation doing business as MID/WEST FRESH FOODS; HOMER HINOJOSA, an individual doing business as DOUBLE H PRODUCE,

Defendants.

Case No.: 5:16-cv-01948

**ANSWER OF DEFENDANTS STAY FRESH DISTRIBUTORS, INC. AND JASON CANALS**

Defendants Stay Fresh Distributors, Inc. ("Stay Fresh") and Jason Canals ("Canals") (hereinafter "Defendants"), by and through their counsel of record, hereby provide their Answer to Plaintiff North Country Fruit Sales, Inc.'s ("NCFS") Complaint as follows:

1. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and deny them on that basis.

2. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and deny them on that basis.

3. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and deny them on that basis.

4. Defendants admit the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. Answering Paragraph 6, Defendants admit that Defendant Canals is responsible for the daily management and control of Defendant Stay Fresh. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and deny them on that basis.

7. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and deny them on that basis.

8. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and deny them on that basis.

9. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and deny them on that basis.

10. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and deny them on that basis.

11. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and deny them on that basis.

12. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and deny them on that basis.

13. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and deny them on that basis.

14. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and deny them on that basis.

15. Defendants incorporate and reallege their responses to Paragraphs 1 through 14 above as though set forth in full.

16. Answering Paragraph 16, Defendants admit that Defendant Canals contacted NCFS on behalf of Stay Fresh for the purposes alleged in Paragraph 16.

17. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and deny them on that basis.

18. Defendants admit the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegation contained in Paragraph 20 that Defendant Stay Fresh "has been invoicing for produce that it does not own, and has no legal right to sell." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and deny them on that basis.

## FIRST CAUSE OF ACTION

21. Defendants incorporate and reallege their responses to Paragraphs 1 through 20 above as though set forth in full.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and deny them on that basis.

23. Defendants admit the allegations contained in Paragraph 23.

24. Defendants admit the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26 that Defendant Stay Fresh "has been either invoicing for produce that it does not own" or "was improperly instructing Customers to pay Stay Fresh." Defendants lack

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and deny them on that basis.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and deny them on that basis.

30. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and deny them on that basis.

## SECOND CAUSE OF ACTION

31. Answering Paragraphs 31 through 43, the Second Cause of Action is not alleged against Defendants. As such, Defendants do not respond to Paragraphs 31 through 43 of the Complaint.

## THIRD CAUSE OF ACTION

32. Answering Paragraphs 44 through 51, the Third Cause of Action is not alleged against Defendants. As such, Defendants do not respond to Paragraphs 44 through 51 of the Complaint.

## FOURTH CAUSE OF ACTION

33. Defendants incorporate and reallege their responses to Paragraphs 1 through 32 above as though set forth in full.

34. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and deny them on that basis.

35. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and deny them on that basis.

## FIFTH CAUSE OF ACTION

36. Defendants incorporate and reallege their responses to Paragraphs 1 through 35 above as though set forth in full.

37. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and deny them on that basis.

38. Defendants deny the allegations of Paragraph 57.

39. Defendants deny the allegations contained in Paragraph 58 that Defendants Stay Fresh and Canals failed to “preserve the assets” or diverted such assets for Defendants’ own use. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 and deny them on that basis.

40. Defendants deny the allegations contained in Paragraph 59 that Defendants Stay Fresh and Canals defrauded Plaintiff, “falsified sales documents,” and “diverted payments.” Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and deny them on that basis.

## SIXTH CAUSE OF ACTION

41. Defendants incorporate and reallege their responses to Paragraphs 1 through 40 above as though set forth in full.

42. Defendants deny the allegations of Paragraph 61.

43. Defendants admit making the representations alleged in Paragraph 62, but deny that any such representation was false, and deny making any false representation to Plaintiff at any time.

44. Defendants admit that Defendant Canals had authority to make the alleged representations, and deny the remaining allegations of Paragraph 63.

45. Defendants deny the allegations of Paragraph 64.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and deny them on that basis.

47. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and deny them on that basis.

48. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and deny them on that basis.

49. Defendants lack information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 68 and deny them on that basis.

50. Defendants deny the allegations of Paragraph 69.

**SEVENTH CAUSE OF ACTION**

51. Defendants incorporate and reallege their responses to Paragraphs 1 through 50 above as though set forth in full.

52. Defendants deny the allegations of Paragraph 71.

53. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and deny them on that basis.

54. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and deny them on that basis.

55. Defendants deny the allegations of Paragraph 74.

**EIGHTH CAUSE OF ACTION**

56. Defendants incorporate and reallege their responses to Paragraphs 1 through 55 above as though set forth in full.

57. Defendants deny the allegations of Paragraph 76.

58. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and deny them on that basis.

59. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and deny them on that basis.

**NINTH CAUSE OF ACTION**

60. Defendants incorporate and reallege their responses to Paragraphs 1 through 59 above as though set forth in full.

61. Defendants admit the allegations of Paragraph 80.

62. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and deny them on that basis.

63. Answering Paragraph 82, Defendants admit that Defendants had a duty to conduct business within the law, including PACA.

64. Answering Paragraph 83, Defendants admit that Defendants had a duty

to conduct business within the law, including PACA.

65. Defendants deny the allegations of Paragraph 84.

66. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and deny them on that basis.

67. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and deny them on that basis.

68. Defendants deny the allegations contained in Paragraph 87.

69. Defendants deny the allegations contained in Paragraph 88.

70. Defendants deny the allegations contained in Paragraph 89.

71. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and deny them on that basis.

## TENTH CAUSE OF ACTION

72. Defendants incorporate and reallege their responses to Paragraphs 1 through 71 above as though set forth in full.

73. Answering Paragraph 92, Defendants admit that Defendants had a contractual relationship with Plaintiff. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and deny them on that basis.

74. Defendants deny the allegations contained in Paragraph 93.

75. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and deny them on that basis.

76. Defendants deny the allegations contained in Paragraph 95.

77. Defendants deny the allegations contained in Paragraph 96.

78. Defendants deny the allegations contained in Paragraph 97.

79. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and deny them on that basis.

## ELEVENTH CAUSE OF ACTION

80. Defendants incorporate and reallege their responses to Paragraphs 1

through 79 above as though set forth in full.

81. Defendants deny the allegations contained in Paragraph 100.

82. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and deny them on that basis.

83. Defendants deny the allegations contained in Paragraph 102.

84. Defendants deny the allegations contained in Paragraph 103.

85. Defendants deny the allegations contained in Paragraph 104.

86. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and deny them on that basis.

## TWELFTH CAUSE OF ACTION

87. Defendants incorporate and reallege their responses to Paragraphs 1 through 86 above as though set forth in full.

88. Defendants admit the allegations contained in Paragraph 107.

89. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and deny them on that basis.

## THIRTEENTH CAUSE OF ACTION

90. Defendants incorporate and reallege their responses to Paragraphs 1 through 89 above as though set forth in full.

91. Defendants deny those allegations contained in Paragraph 110 relating to Defendants Stay Fresh and Canals. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 and deny them on that basis.

92. Defendants deny those allegations contained in Paragraph 111 relating to Defendants Stay Fresh and Canals. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 and deny them on that basis.

93. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and deny them on that basis.

94. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and deny them on that basis.

**FOURTEENTH CAUSE OF ACTION**

95. Defendants incorporate and reallege their responses to Paragraph 1 through 94 above as though set forth in full.

96. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and deny them on that basis.

97. Defendants deny those allegations contained in Paragraph 116 relating to Defendants Stay Fresh and Canals. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 and deny them on that basis.

**FIFTEENTH CAUSE OF ACTION**

98. Defendants incorporate and reallege their responses to Paragraph 1 through 97 above as through set forth in full.

99. Defendants deny the allegations contained in Paragraph 118.

100. Defendants deny the allegations contained in Paragraph 119.

101. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and deny them on that basis.

102. Defendants deny the allegations contained in Paragraph 121.

103. Defendants deny the allegations contained in Paragraph 122.

104. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and deny them on that basis.

105. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and deny them on that basis.

106. Defendants deny the allegations contained in Paragraph 125.

**SIXTEENTH CAUSE OF ACTION**

107. Defendants incorporate and reallege their responses to Paragraph 1 through 106 above as through set forth in full.

108. Answering Paragraph 127, Defendants admit that Defendant Stay Fresh acted as a broker, "was to receive only freight and brokerage fees," and "had inside information about the sales transactions and agreements." Defendants deny the remaining allegations of Paragraph 127.

109. Defendants deny the allegations contained in Paragraph 128.

110. Defendants deny the allegations contained in Paragraph 129.

111. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and deny them on that basis.

112. Defendants deny the allegations contained in Paragraph 131.

## SEVENTEENTH CAUSE OF ACTION

113. Defendants incorporate and reallege their responses to Paragraph 1 through 112 above as through set forth in full.

114. Answering Paragraph 133, Defendants admit that an actual controversy has arisen and now exists as alleged. With regard to the remaining allegations in Paragraph 133, Defendants deny those allegations relating to Defendants Stay Fresh and Canals. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 133 and deny them on that basis.

115. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and deny them on that basis.

116. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and deny them on that basis.

## PRAYER FOR RELIEF

Defendants Stay Fresh and Canals deny that Plaintiff is entitled to any of the relief sought in the Complaint and/or in its Prayer for Relief.

**DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED ABOVE**

Defendants Stay Fresh and Canals deny all allegations of the Complaint not expressly and specifically admitted above.

**AFFIRMATIVE DEFENSES**

For their separate affirmative defenses, Defendants Stay Fresh and Canals aver as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

If Plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of the Plaintiff, and damages, if any shall be reduced in proportion to the amount of comparative negligence and/or fault attributable to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of other parties or entities, whether or not parties to this action, and damages to Plaintiff, if any, shall be reduced in proportion to the amount of comparative negligence and/or fault attributable to the Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff, by its acts, conduct and omissions, has waived any and all rights that it may have had against Defendants by reason of Plaintiff's express knowledge, acceptance, and participation, and therefore has waived all causes of action.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred, in whole or in part, by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred, in whole or in part, by the equitable doctrines of acquiescence, laches, waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff against Defendants are barred because any conduct engaged in by Defendants has been reasonable and based on independent, legitimate business and economic justifications.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff are barred, in whole or in part, by the Statute of Frauds.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join indispensable parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred by its failure to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages, without qualification of limitation, this claim violates Defendants’ right to due process under the United States and California Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred in whole or in part on the ground that Plaintiff has not been damaged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that they have not yet commenced discovery or investigation, and therefore reserve the right to assert additional affirmative defenses, as the circumstances so warrant.

Dated: December 12, 2016

KIRSCHNER & ASSOCIATES
ETHAN D. KIRSCHNER

By: /s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER
*Attorneys for Defendants*
STAY FRESH DISTRIBUTORS, INC. and JASON CANALS

**DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by jury of all issues so triable under the law.

Dated: December 12, 2016

KIRSCHNER & ASSOCIATES
ETHAN D. KIRSCHNER

By: /s/ Ethan D. Kirschner
ETHAN D. KIRSCHNER
*Attorneys for Plaintiff*
STAY FRESH DISTRIBUTORS, INC. and JASON CANALS